(3)

Michael Cohen - #98066
Attorney at Law
Grove Law Building
345 Grove Street
San Francisco, CA 94102
415/861-4414
Fax: 415/431-4526

Attorney for Plaintiffs

**FILED**

JUN - 7 2011

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND

UNITED STATES DISTRICT COURT, NORTHERN DISTRICT OF CALIFORNIA

DAVID WASSERMAN,　　　No.

　　　Plaintiff,　　　**COMPLAINT**　C11-02772　EDL

vs.

UNITED STATES, and
DOES 1-100,

　　　Defendants.　　　/

ADR

　　　Plaintiff, by and through counsel, hereby complains against Defendants as follows:

　　　1.　　　Jurisdiction is based on 28 USC 1346(b), and an administrative claim has been presented properly but denied.

　　　2.　　　Plaintiff resides in Berkeley, California, and this action is properly assigned to the Oakland or San Francisco Divisions of the United States District Court for the Northern District of California.

　　　3.　　　PLAINTIFF is an experienced hiker and camper in the National Parks, including but not limited to Sequoia and Kings Canyon National Park.

　　　4.　　　Defendant UNITED STATES is a government, an agency of which is the Department of Interior's National Park Service, which runs and is responsible for Sequoia and Kings Canyon National Park.

　　　5.　　　Plaintiff is informed, believes and thereon alleges that, at all times herein

1

Complaint

1  mentioned, Defendants DOES 1 through 100, inclusive, and each of them, were and are engaged

2  and/or employed in various capacities related to trails in Sequoia and Kings Canyon National

3  Park, acting as agents and/or employees of Defendant UNITED STATES; and, at all times herein

4  mentioned, were acting within the course and scope of this agency and/or employment.

5        6.    Plaintiff does not know the true names and capacities, whether corporate,

6  associate or individual, of all Defendants DOES 1 through 100, inclusive, and therefore sues

7  them by those fictitious names. Plaintiff is informed and believes, and thereon alleges, that each

8  of those Defendants was in some manner negligently and legally responsible for the events and

9  happenings alleged in this complaint and for Plaintiff's injuries and damages.

10        7.    Plaintiff is informed and believes, and thereon alleges, that, at all times

11  mentioned, each of the Defendants, named and DOES, was the agent and employee of each of

12  their codefendants, and in doing the things alleged in this complaint were acting within the

13  course and scope of that agency and employment. Moreover, the conduct of each Defendant

14  herein was authorized and/or ratified by each of the remaining Co-Defendants; and each

15  Defendant, when acting as a principal, was negligent in the selection and hiring of each other

16  Defendant as an agent or employee.

17        8.    At all times relevant, PLAINTIFF was a visitor and permittee for consideration

18  (within the meaning of California Civil Code 846) at Sequoia and Kings Canyon National Park.

19        9.    Plaintiff planned a week-long hiking and camping trip with his brother in Sequoia

20  and Kings Canyon National Park, in the summer season.

21        10.    Although both Plaintiff and his brother were in good physical condition, Plaintiff

22  was a very experienced hiker and camper in Sequoia and Kings Canyon National Park, and in

23  other national parks and nature areas, and his brother was not.

24        11.    So Plaintiff planned the trip to be comfortable for his brother's lesser skill set; and

25  consequently stuck to well-known trails which Plaintiff himself had hiked at various times over

26  the many years Plaintiff had hiked and camped in the national parks and nature areas.

2

Complaint

12.     Plaintiff and his brother are both busy professionals; and his brother needed to be on the East Coast within a day of the planned end of the trip; so the itinerary was planned as precisely as possible so as not to interfere with that requirement.

13.     However, on the return portion of the hike, the Big Arroyo Trail, a well known, and historically very well traveled trail, simply disappeared and became an impenetrable mess, so impassable that Plaintiff and his brother had to turn back and try to find another way out of the Park that could still meet their time schedule.

14.     Under the circumstances, the most reasonable way was over Sawtooth Pass, which Plaintiff had traversed more than once; and, going up that Pass to the summit, the trail was superbly and recently maintained.

15.     However, not long after heading downhill from the summit, this trail too disappeared, leaving Plaintiff and his brother, suddenly on quite steep slopes with much too loose substrate, creating, all of a sudden, very serious danger of losing one's footing and of seriously dangerous falls; and, at this point, the only alternative was to double back completely and take some much longer route back, which would leave the brothers unable to meet the important deadline for which they had so carefully planned.

16.     But, since the trail deteriorated so soon, albeit not immediately, after it turned downhill, events intervened before the brothers had time enough to think through their situation in order to find a solution to their dilemma.

17.     Although Plaintiff's skill set was up to the challenge of this suddenly more challenging hike, his brother's was not; and, consequently, his brother soon fell down, albeit stationary on the slope and not rolling or sliding down hill, but, with the heavy pack on his back and the uncertain footing on dangerous terrain, he could not rise.

18.     So Plaintiff went over to lift his brother's heavy pack so his brother could regain his footing; but, as a direct and legal result of the combination of exceedingly loose substrate and steep slope, which is a part of an even casually maintained trail only as a direct and legal result of

3

Complaint

1   negligence in general, and of Defendants', and each of their, negligence in particular, Plaintiff's

2   foot slipped as he was doing this, causing serious injuries to Plaintiff's knee which has required

3   surgery and other extensive medical examinations and treatment to remedy, albeit a remedy that

4   has not left Plaintiff free of residual symptomatology.

5         19.   The total disappearance of the Big Arroyo trail into impassability was a travesty of

6   trail maintenance, and as such a gross violation of Defendants', and each of their, duties, which

7   violation would foreseeably, and in fact did, make the Big Arroyo trail worse than completely

8   useless, in that its gradual disappearance guaranteed that hikers intending to use it both would not

9   be able to do so, and would not be able to know this in advance of starting down the trail, getting

10  trapped in it and having to turn back.

11        20.   The deterioration of the downhill part of Sawtooth Pass into highly dangerous

12  conditions, starkly contrasting with the strikingly well maintained uphill part of the trail leading

13  thereto, was a trap for hikers who would suddenly be thrown into real danger they had no reason

14  to foresee, and was a gross violation of the standards by which Defendants and each of them had

15  previously maintained that trail.

16        21.   Plaintiff's injuries were directly and legally caused by the negligence of

17  Defendants and each of them, who failed to use reasonable, professional skills and means to

18  protect visitors and permittees-for-consideration from serious injuries resulting from the creation

19  and/or non-maintenance of confusing, dangerous trails.

20        22.   Plaintiff suffered the following damages:

21        a.   A Bucket Handle Tear of the Medial Meniscus, and an Acute Tear of the

22  Anterior Cruciate Ligament (ACL).

23        b.   Medical bills of approximately $45,000.00

24        c.   Lost earnings of approximately $50,000.00

25        d.   General damages for pain and suffering.

26      WHEREFORE, Plaintiffs, and each of them, pray for damages in the sum of $375,000.00

4

Complaint

1  for medical expenses, lost earnings and earning capacity, and past and future general damages, as

2  hereinabove described.  Plaintiff also prays for costs of suit and such other and further relief as

3  the Court deems proper.

4  DATED: June 6, 2011

5

6

7                                                                MICHAEL COHEN

8                                **DEMAND FOR JURY TRIAL**

9          PLEASE TAKE NOTICE that Plaintiff hereby demands a trial by jury in this matter.

10  That is, pursuant to Federal Rules of Civil Procedure ("FRCP"), Rule 38, Plaintiff demands a

11  trial by jury as is his guaranteed right.  Pursuant to FRCP, Rule 39, Plaintiff requests that the

12  matter be designated as a jury action upon the Court's docket.

13  DATED: June 6, 2011

14

15

16

17                                                                MICHAEL COHEN

18

19

20

21

22

23

24

25

26

Complaint